UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RUTH FALLS-MILLER and DR. HOWARD J. MILLER, ) ) ) Plaintiff, ) ) v. ) ) SAVANNAH-CHATHAM ) COUNTY PUBLIC SCHOOL ) BOARD and DR. THOMAS B. ) LOCKAMY, JR., ) ) Defendant(s). ) | CV420-085 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiffs, appearing *pro se*, have submitted a complaint alleging deprivations of constitutional rights under 42 U.S.C. § 1983, as well as state law contract and tort claims. Doc. 1. They seek to proceed *in forma pauperis* (IFP). Docs. 2 and 3. After reviewing their respective applications, it appears that they lack sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiffs leave to proceed *in forma pauperis*. The Court must now screen the Complaint pursuant to 28 U.S.C. §1915(e). As all events relevant to this dispute occurred in 2013, the Complaint should be **DISMISSED** as untimely.

When plaintiffs proceed IFP, the cost of their litigation does not evaporate but, rather, shifts to the Court. In order to avoid squandering taxpayer resources on transparently unmeritorious claims, the Court has a responsibility to conduct an initial screen and dismiss cases *sua sponte* if the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

Plaintiffs bring their claims under 42 U.S.C. § 1983.[1] The statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons &*

---

[1] In suggesting that bias and retaliation motivated plaintiff Falls-Miller's termination, plaintiffs wave at claims under 42 U.S.C. 2000e, *et seq.* Doc. 1 at 4. These claims, if advanced, would suffer a similar defect, as plaintiffs have failed to allege that administrative remedies were exhausted, such as the timely filing of a charge with the Equal Employment Opportunity Commission. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).

*Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

The most recent event alleged in plaintiffs' Complaint was the January 28, 2013, local school board termination hearing. Doc. 1 at 5. As plaintiff Falls-Miller was directly involved in the alleged actions she was certainly aware of them. The statute of limitations began to run, then, no later than that date. Therefore, this claim was filed more than five years after the expiration of the statute of limitations and should be **DISMISSED**.

Plaintiffs also raise claims sounding in state contract and tort law. Though the Court might exercise supplemental jurisdiction over state law claims, 28 U.S.C. § 1367(a), it may decline to do so where all claims supporting its original jurisdiction have been dismissed. 28 U.S.C. § 1367(a). As plaintiffs § 1983 claims, which are the only basis for federal question jurisdiction, do not survive screening, the Court should decline to exercise supplemental jurisdiction over any state law contract and tort claims.[2] These claims, too, should be **DISMISSED**.

In summary, plaintiffs' motions to proceed *in forma* pauperis are

---

[2] The Court makes no finding as to the viability of such claims based on their respective merits. Plaintiffs are free to pursue their tort and contract claims before the state courts.

**GRANTED.** Docs. 2 and 3. The Court, however, **RECOMMENDS** that their 42 U.S.C. § 1983 claims should be **DISMISSED as untimely**. The Court should also decline to exercise supplemental jurisdiction and **DISMISS** plaintiffs' state law contract and tort claims.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x

542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 30th day of April, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA