UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RUTH FALLS-MILLER and<br>DR. HOWARD J. MILLER, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV420-085 |
| | ) | |
| SAVANNAH-CHATHAM COUNTY | ) | |
| PUBLIC SCHOOL BOARD and | ) | |
| DR. THOMAS B. LOCKAMY, JR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's May 1, 2020, Report and Recommendation, doc. 6, to which the plaintiffs have filed objections, doc. 12. The Court **OVERRULES** plaintiffs' objections and **ADOPTS** the Report and Recommendation as its opinion.

Plaintiffs object to the Magistrate's recommendation that this case should be dismissed as untimely, asserting that, as this claim is derived from a breach of contract claim, the proper statute of limitations under Georgia Law is six years. Doc. 12 at 4 (citing O.C.G.A. § 9-3-24 (establishing a six-year statute of limitations for contract claims)). This belief is mistaken. Plaintiffs have brought this claim under 42 U.S.C. § 1983, alleging a deprivation of a due process right. *See* doc. 1. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Plaintiff brought this case in Georgia, where the governing limitations period is two years. O.C.G.A. § 9-3-33.

Plaintiffs seem to suggest that the date on which they originally filed a breach of contact

claim with the Georgia state courts, January 25, 2019, should be used to determine compliance with the statute of limitations. Doc. 12 at 2–3. This theory fails for multiple reasons. First, state and federal courts are distinct entities. Claims filed with the lower federal courts are not appeals of state court decisions, but rather completely new proceedings. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("[28 U.S.C.] § 1257, as long interpreted, vests authority to review a state court's judgment solely in [the Supreme] Court."). Second, the claims brought before the state courts in 2019 were for breach of contract, a different cause of action than is advanced here. *See* doc. 12 at 3 ("plaintiff file[d] a Complaint for Breach of Contract against the local school board on January 25, 2019). Third, even if the Court were to accept the 2019 date, it still falls more than four years after the statute of limitations expired. *See Brown v. Ga. Bd. Of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curium*) ("the statute of limitations begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." (internal citations omitted). Therefore, this complaint is unquestionably untimely.

Accordingly, the Court **OVERRULES** plaintiff's objections and **ADOPTS** the Report and Recommendation. Doc. 6. The Complaint is **dismissed**. The Clerk of Court is **DIRECTED** to terminate all pending motions as **MOOT** and to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of November, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA